UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:	Case No. 24-44240

KEONTE WILLIAMS,	Chapter 7

    Debtor.	Judge Thomas J. Tucker

_____/

**ORDER DENYING THE DEBTOR'S MOTION TO REINSTATE THIS CASE**

This case is before the Court on the Debtor's motion entitled "Motion to Reopen and Reinstate the Chapter 7 Bankruptcy Case in Order to Extend the Time to Pay the Filing Fees, File Certificate of Financial Management, and Waiving the Reopening Fee," filed on July 11, 2024 (Docket # 21, the "Motion"). The Court construes this Motion as a motion for reconsideration of, and for relief from, the Court's July 10, 2024 Order dismissing this case (Docket # 19). The Court will deny the Motion, for the following reasons.

First, the Court finds that the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* L.B.R. 9024-1(a)(3) (E.D. Mich.).

Second, the allegations in the Motion do not establish excusable neglect under Fed. R. Civ. P. 60(b)(1), Fed. R. Bankr. P. 9024, or any other valid ground for relief from the order dismissing this case.

Third, while the Motion blames an error by the Debtor's attorney for the failure of the Debtor and the Debtor's attorney to appear at the July 10, 2024 show cause hearing, any neglect or mistake by the Debtor's attorney must be deemed attributable to the Debtor, for purposes of determining whether there was excusable neglect or mistake. *See, e.g.*, *Pioneer Inv. Servs. Co. v.*

*Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396-97 (1993) (in determining whether "excusable neglect" is shown, "the proper focus is upon whether the neglect of [the movants] *and their counsel* was excusable") (italics in original). The allegations of the Motion do not demonstrate a mistake or neglect by the Debtor's attorney that is excusable. Under the circumstances, the type of mistake or neglect by the Debtor's attorney that is alleged in this case is not "excusable neglect." *See, e.g., Symbionics, Inc. v. Ortlieb*, 432 Fed. App'x. 216, 220 (4th Cir. 2011) (holding "that the district court abused its discretion when it determined that . . . counsel's computer calendaring error constituted excusable neglect"); *In re Bonfiglio*, No. 18-8004, 2018 WL 5295879, at *5 (B.A.P. 6th Cir. Oct. 24, 2018) (holding that a litigation error (failing to respond to a motion to avoid a lien which resulted in lien avoidance) was not "excusable neglect").

Furthermore, the show-cause order (Docket # 15) was mailed directly to the Debtor by the Bankruptcy Noticing Center on June 27, 2024. (See Docket # 16). So the Debtor and the Debtor's attorney both were timely served with the show-cause order, and therefore they each had ample and clear notice that the hearing time was 9:00 a.m. on July 10, 2024, not 10:00 a.m.

Fourth, the Debtor's request in the Motion to reopen the case, and for a waiver of the filing fee for such a motion, are not necessary, because the case has not yet been closed.

Fifth, if and when the Debtor finally pays the overdue filing fee for this case, the Debtor will not be barred from filing a new bankruptcy case.

IT IS ORDERED that the Motion (Docket # 21) is denied.

**Signed on July 12, 2024**



/s/ Thomas J. Tucker

**Thomas J. Tucker
United States Bankruptcy Judge**